# EXHIBIT A



# Notice of Service of Process

null / ALL
Transmittal Number: 19456775
Date Processed: 03/06/2019

| | |
|---|---|
| Primary Contact: | Monika Wajda<br>Prospect Airport Services Inc.<br>2130 South Wolf Road<br>2ND Fl<br>Des Plaines, IL 60018 |
| Electronic copy provided to: | Renata Cetera |
| Entity: | Prospect Airport Services, Inc.<br>Entity ID Number 0182575 |
| Entity Served: | Prospect Airport Services, Inc. |
| Title of Action: | Betty Johnson vs. Prospect Airport Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Davidson County Circuit Court, TN |
| Case/Reference No: | 19C527 |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 03/05/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Elaine M. Youngblood<br>615-780-7478 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

CIRCUIT COURT SUMMONS NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

BETTY JOHNSON

Plaintiff

Vs.

PROSPECT AIRPORT SERVICES, INC.
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

Defendant

CIVIL ACTION
DOCKET NO. 19C527

**Method of Service:**

[X] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[ ] Personal Service
[ ] Commissioner of Insurance

**To the above named Defendant:**

**You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.**

ISSUED: 3-1-19

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: [signature]
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | |
|---|---|
| | Elaine M. Youngblood |
| | 330 Commerce Street, Ste. 110 (Address) |
| | Nashville, TN 37201 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this ________ day of ______________, 20____.

______________________
**SHERIFF**

**To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.**

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20 _____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 _____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____, 20.____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| BETTY JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Jury Demand |
| v. ) | CASE NO. 19C527 |
| ) | |
| PROSPECT AIRPORT SERVICES, INC. ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

Comes now the Plaintiff, Betty Johnson, by and through her attorney of record, and demands damages from the Defendant, Prospect Airport Services, Inc., and in support thereof would respectfully show unto the court the following:

1. That the Plaintiff, Dorothy Johnson, is an adult citizen of the State of Tennessee and resident of Davidson County.

2. That the Defendant, Prospect Airport Services, Inc. (hereinafter referred to as Defendant, Prospect) is a corporation doing business in the State of Tennessee at the Nashville International Airport. That service upon said Defendant can be obtained through its designated agent for service, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

3. That the Defendant Prospect is a corporation which provides various and sundry services to airports throughout the United States, including the Nashville International Airport in Nashville, Tennessee, which services include but are not limited to the provision of ticket and gate agents, passenger services, cargo services, technology services and cleaning services in and about the gate ramps and the area underneath each of the concourses located at the Nashville International Airport.

4.    That on or about March 5, 2018, Plaintiff herein was an Employee of Envoy Air, Inc., having been so employed as a cabin appearance agent. As such, the Plaintiff was responsible for cleaning the interior of incoming aircraft as well as stocking the plane with needs for the galley and lavatory areas in preparation for outgoing flights. Her entire work area was confined to the interior of aircraft and the jet way entrance onto the aircraft.

5.    That on said day, the Plaintiff clocked in at her usual time and was traversing the area underneath the "C" concourse underneath gates C-12 and C-13, on her way to her initial work station in anticipation of cleaning incoming aircraft.

As she was traversing under the concourse area to her job assignment, which area is dimly lit, her shoe snagged some plastic bundle ties that were left lying on the ground, thereby causing her to fall onto the concrete under the concourse, striking her left knee and the left side of her forehead as well as twisting her torso. She was transported to St. Thomas Hospital for treatment of her injuries. Since that time she has been treated for a closed head injury, tinnitus, as well as severe headaches, abnormal vision, as well as memory loss. She also has issues with her left knee. She has had to undergo surgery to repair a hernia which had been previously repaired but which was wrenched during the course of her fall. Plaintiff has been unable to return to work since this injury, all to her detriment.

6.    That solely as a result of the injuries aforementioned, the Plaintiff has incurred damages including but not limited to medical expenses, lost wages, present and future pain, suffering, inconvenience, mental anguish and present and future loss of the enjoyment of life of the Defendant.

## Defendant's Negligence

7. The Plaintiff incorporates by reference hereto the allegations of paragraph 1 through 6 above as if set forth verbatim herein.

8. The aforesaid incident occurred as a result of and was proximately caused by the careless and negligent conduct of the Defendant by and through their agents, servants, and employees, which consisted inter alia in the following particulars:

   a. The Defendant, by and through its agents, servants and employees, were responsible for the safe maintenance of the premises under C concourse and owed a duty of care to the Plaintiff who was lawfully on the premises;

   b. The Defendant, by and through its agents, servants and employees established and maintained a service area in such a negligent manner that it created a dangerous condition, thereby failing to safely maintain the premises, negligently breaching the duty of care owed to the Plaintiff and any others lawfully coming on or about the premises, all of which proximately causing physical harm to the Plaintiff;

   c. The Defendant, by and through its agents, servants and employees failed to comply with applicable laws and regulations of the State of Tennessee;

   d. The Defendant, by and through its agents, servants and employees, failed to exercise that degree of care required under the circumstances to prevent injury to the Plaintiff and all others lawfully coming on and about the premises;

   e. The Defendant either by its agents, servants and employees, created the hazardous condition or knew of it in a sufficient amount of time to have corrected the condition before the Plaintiff's injury, or that had the Defendant, through its

agents, servants and employees, exercised reasonable care, they would have discovered and corrected the condition, which they failed to do;

f. That all of the foregoing, taken singularly or in any combination, proximately caused the incident made basis of this action without the intervention of any negligent act or omission on the part of the Plaintiff whatsoever.

9. As a result of the aforesaid conduct and breach of care by the Defendant proximately causing the losses incurred to the Plaintiff herein, Plaintiff sustained injuries, losses and damages which are more fully described hereinabove without any negligence of the Plaintiff causing or contributing thereto.

10. While not in any way waiving any of the foregoing, Plaintiff would assert that if she were guilty of any comparative fault (which is specifically denied), nonetheless the negligence of the Defendant by and through its agents, servants and employees, nonetheless proximately caused the incident made basis of this action.

WHEREFORE, premises considered, your Plaintiff (1) prays that service of process be issued requiring the Defendant to answer within the time prescribed by law; (2) that the Plaintiff be allowed to amend the Complaint as additional parties and facts may become known; (3) that the Plaintiff receive the benefits of discovery, rules of procedure and substantive law and be given a trial by a jury; (4) that the jury award monetary damages to the Plaintiff in the amount of $750,000.00 against the Defendant including but not limited to past, present and future medical expenses, cost of pain and suffering, loss of the enjoyment of life, anatomical impairment resulting from the injury, and any and all other damages which the Plaintiff has sustained; (5) that the Plaintiff recover all allowable pre-judgment and post-judgment interest; (6) that the

Plaintiff be awarded such other and further relief as the court may deem appropriate; (7) a jury of twelve (12) be empaneled to try the issues in this cause.

Respectfully Submitted,

**ORTALE KELLEY LAW FIRM**

*/s/ Elaine M. Youngblood*
Elaine M. Youngblood (#5731)
330 Commerce St., Ste. 110
Nashville, TN 37201
(615) 780-7478
eyoungblood@ortalekelley.com

I am surety for costs not to exceed $500.00.

*/s/ Elaine M. Youngblood*
Elaine M. Youngblood

```
ORIGIN ID:ILGA    (888) 690-2882         SHIP DATE: 06MAR19
SOP PROCESSING DEPARTMENT                ACTWGT: 1.00 LB
CSC                                      CAD: 103290184/WSXI2600
251 LITTLE FALLS DRIVE

WILMINGTON, DE 19808                     BILL THIRD PARTY
UNITED STATES US
```

TO  **MONIKA WAJDA**
**PROSPECT AIRPORT SERVICES INC.**
**2130 SOUTH WOLF ROAD**
**2ND FL**
**DES PLAINES IL 60018**
(847) 299-3636     REF:
INV:
PO:                DEPT:




FRI - 08 MAR 4:30P
** 2DAY **

TRK# 7858 7147 4267
0201

**SH PWKA**    60018
               IL-US  ORD

